IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KENNETH SPENCE, A/K/A EDWARD SPENCE, A/K/A SCOTT EDWARD PALMER, A/K/A EDWARD L. SPENCE; <br><br> Plaintiff, <br><br> v. <br><br> JIM SKINNER, <br><br> Defendant. | § § § § § § § § § § § § § § § CIVIL ACTION NO. 4:19-CV-00821-RWS |

## ORDER

Plaintiff, proceeding *pro se,* filed the above-styled civil action asserting civil rights violations for denial of medical and psychiatric care. The Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

The Magistrate Judge recommended that Plaintiff's motion to proceed *in forma pauperis* (Docket No. 3) be denied because "Plaintiff already has 'three strikes' for the purposes of section 1915(g)." Docket No. 5 at 5. The Magistrate Judge further recommended that Plaintiff should be allowed to resume his lawsuit if he pays the entire filing fee of $400 within thirty (30) days after the entry of the final judgment. *Id.* Plaintiff filed objections. Docket No. 6. The Court reviews *de novo* the portions of the Magistrate Judge's findings to which objections have been raised. 28 U.S.C. § 636(b)(1).

**I.   Background**

Pursuant to the Prison Litigation Reform Act, a prisoner may not file any lawsuits or appeals *in forma pauperis* if he has had three or more lawsuits or appeals previously dismissed as

"frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The provision was designed to stop abusive litigious practices employed by prisoners.

This is not the first case Plaintiff has filed in the Eastern District of Texas. Indeed, Plaintiff has filed numerous other suits, including *Spence v. Taylor*, No. 4:19-CV-00139-ALM-KPJ (E.D. Tex. filed Feb. 25, 2019), before Judge Amos L. Mazzant, III. In *Spence v. Taylor*, after granting Plaintiff *in forma pauperis* status, the Court discovered that Plaintiff had a history of filing frivolous lawsuits and was subject to the "three strikes" provisions of 28 U.S.C. § 1915(g), resulting in the dismissal of that case. No. 4:19-CV-00139-ALM-KPJ (E.D. Tex. Dec. 26, 2019), ECF No. 70.

Similarly, in *Spence v. Harrison-Dunn*, No. H-19-01660 (S.D. Tex. May 7, 2019), ECF No. 8, the Southern District of Texas—Houston Division found that Plaintiff had filed three lawsuits under an alias that were each dismissed as frivolous or for failure to state a claim upon which relief may be granted, subjecting him to the three strikes rule under 28 U.S.C. § 1915(g). The Southern District relied on the following cases to determine that Plaintiff was subject to the "three strikes" rule: *Palmer v. Scott*, No. 2:01-cv-00029-J-BB (N.D. Tex. Apr. 5, 2002), ECF No. 21; *Palmer v. Scott*, No. 2:00-cv-00353-J-BB (N.D. Tex. June 12, 2001), ECF No. 21; and *Palmer v. Wyeth*, No. H-97-00042 (S.D. Tex. Mar. 24, 1997), ECF No. 14. As noted in *Spence v. Taylor*,

> the Southern District confirmed [Plaintiff], filing as "Scott Edward Palmer," filed all three "strike" lawsuits, and that he was barred from proceeding *in forma pauperis*. Public online records for the Fifth Circuit Court of Appeals show that [Plaintiff] appealed the dismissals in all three lawsuits. The Fifth Circuit's records further show that he provided the same mailing address in all three appeals: P.O. Box 496891, Garland, Texas 75049-6891. Further research of public online records show that this private post office box was registered to a business enterprise operated by Kathleen Spence. Moreover, a review of records relevant to each lawsuit traced [Plaintiff's] birth date in each refer to the same date, October 2, 1956.

No. 4:19-CV-00139-ALM-KPJ (E.D. Tex. Dec. 26, 2019), ECF No. 70 at 3.

In view of these cases and Spence's three strikes status, the Magistrate Judge recommended he similarly be barred from proceeding *in forma pauperis* in this matter. Docket No. 5.

## II.     Objections and Analysis

Plaintiff objects to the applicability of the "three strikes" rule, arguing that he was not "detained" in connection with two of the cases relied on to accumulate three strikes. Docket No. 6. Specifically, he argues he was on parole when *Palmer v. Scott*, No. 2:01-cv-00029-J-BB (N.D. Tex. Apr. 5, 2002), and *Palmer v. Scott*, No. 2:00-cv-00353-J-BB (N.D. Tex. June 12, 2001), were filed and/or appealed. He also alleges that he has been determined incompetent. Plaintiff raised these same issues in *Spence v. Taylor*; as in that case, Plaintiff once again fails to demonstrate that he does not, in fact, have "three strikes." *See* 28 U.S.C. § 1915(g).

As Judge Mazzant found, Plaintiff may not, before this Court, collaterally attack the findings of the Southern District of Texas—Houston Division in *Spence v. Harrison-Dunn*, No. H-19-01660 (S.D. Tex. May 7, 2019). There, the Southern District found that he was a "prisoner" for purposes of 28 U.S.C. § 1915(g), and the above cases counted as strikes. Here, as in *Spence v. Taylor*, the Magistrate Judge relied on the findings and decision of the Southern District in *Spence v. Harrison- Dunn* in recommending that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(g). Plaintiff may not challenge the findings and decision of the Southern District before this Court. A dissatisfied litigant must employ the proper appellate procedures. Plaintiff had the opportunity to appeal the Southern District's findings and decision in *Spence v. Harrison-Dunn*, No. H-19-01660, but allowed the appeal to be dismissed for want of jurisdiction. As Plaintiff has already once been advised, he may not revive his complaints regarding the Southern District's findings in this Court. Thus, Plaintiff had at least three strikes at the time he filed the present

lawsuit, and he has exceeded the limit allowed by Congress. Plaintiff has not shown that the exception to § 1915(g) applies; thus, he is not entitled to proceed *in forma pauperis*. Plaintiff's motion to proceed with this lawsuit *in forma pauperis* should be denied, and his objections regarding his prisoner status are overruled.

In addition to the application of the three strikes, Plaintiff complains that the Magistrate Judge "ma[de] a substantial mischaracterization of Plaintiff's well-plead[ed] facts" Docket No. 6 at 4. However, Plaintiff does not specify why he believes this finding to be "unauthorized and imprudent" and states only that "[t]his method of reasoning should not be allowed to stand." Docket No. 6 at 4. Such conclusory allegations need not be considered by the district court. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *see also Valez-Padro v. Thermo King De Puerto Rico, Inc.*, 465 F.3d 31, 32 (1st Cir. 2006) (explaining that an objecting party must put forth more than "[c]onclusory objections that do not direct the reviewing court to the issues in controversy").

### III. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined the Magistrate Judge's report is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that Plaintiff's objections (Docket No. 6) are **OVERRULED** and the Magistrate Judge's opinion (Docket No. 5) is **ADOPTED** as the opinion of this Court. It is further

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Docket No. 3) is **DENIED**.  It is further

**ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** for purposes of *in forma pauperis* proceedings pursuant to 28 U.S.C. § 1915(g).  Plaintiff shall be allowed to resume his lawsuit if he pays the entire filing fee of $400 within thirty (30) days after the entry of the final judgment.  Notwithstanding, Plaintiff is expressly admonished that the lawsuit will still be screened for frivolousness pursuant to 28 U.S.C. § 1915A if he pays the $400 filing fee.

It is finally **ORDERED** that all motions not previously ruled on are **DENIED AS MOOT**.

**So ORDERED and SIGNED this 6th day of May, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE